# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**SYLVESTER LEE BRANCH**                                                          **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 2:08cv77-MTP**

**REGINA REED**                                                              **DEFENDANT**

## ORDER

THIS MATTER is before the court on the Plaintiff's Motion for Order to Send Plaintiff to a Medical Specialist [27]. Having considered the motion and the applicable law, the court finds that the Motion [27] should be DENIED.

In his Motion [27], Plaintiff seeks an order from the court requiring the MDOC to send him to a foot specialist for an "assessment of his feet." This matter does not involve a medical claim regarding Plaintiff's feet; rather, it involves an excessive force claim. *See* Scheduling and Case Management Order [20]. Plaintiff filed an identical motion in another case that does involve a claim for inadequate medical treatment for his feet. *See* Motion [49], Case No. 2:07cv353-MTP. Accordingly, the court will consider Plaintiff's Motion [49] filed in that case in due course.

To the extent Plaintiff seeks to amend his complaint in this case to include a claim for inadequate medical treatment for his feet, such request is denied. Plaintiff's purported medical claim is unrelated to the original claim and Defendant in this matter; thus the additional claim does not arise out of the same conduct, transaction, or occurrence as set forth in the original complaint. *See* Fed. R. Civ. P. 15(c). Further it appears that such additional claim would be duplicative of the claims asserted in Plaintiff's other action pending before the court, Case No. 2:07cv353-MTP.

Moreover, Plaintiff has had ample opportunities to amend his pleadings, and was allowed to clarify his claims during his *Spears* hearing. Allowing Plaintiff to continue to add claims and parties as they arise will only delay the disposition of the claims currently before the court. *See Singletary v. St. Tammany Parish Sheriff*, No. Civ. A. 05-299, 2005 WL 3543826, at *1 (E.D. La. Nov. 17, 2005) (denying plaintiff's motion to amend, reasoning that "[j]ustice does not require that he be allowed to continually amend his complaint to add new claims as they occur . . . . At some point, continual revisions to the complaint to add new claims thwart the ends of justice, in that they delay resolution of the pending claims").

Accordingly, Plaintiff's motion [27] is DENIED.

SO ORDERED this the 13th day of January, 2009.

s/ Michael T. Parker<br>
United States Magistrate Judge