**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**SYLVESTER LEE BRANCH**                                                                                 **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 2:08cv77-MTP**

**REGINA REED**                                                                  **DEFENDANT**

**OPINION AND ORDER**

This matter is before the court *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2). Having reviewed the record and the applicable law and being fully advised in the premises, the court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's complaint should be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff, Sylvester Lee Branch, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on April 8, 2008. Plaintiff is currently incarcerated at the Central Mississippi Correctional Facility ("CMCF"), after having been convicted of statutory rape and gratification of lust in Hinds County.

Through his complaint and as clarified during his *Spears*[1] hearing, Plaintiff alleges a cause of action against Defendant Regina Reed for excessive force in violation of the Eighth Amendment. Specifically, Plaintiff alleges that on September 5, 2007, Defendant employed "unnecessary roughness" with him during a search in the dining hall. (Tr. 33-34). Plaintiff alleges that she grabbed him, turned him around, and pulled out his shirt tail. Plaintiff alleges that Defendant then pulled out her can of pepper spray, and so, "for fear of his life," he reached

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on June 23, 2008. The transcript from Plaintiff's *Spears* hearing is cited herein as "Tr. __." *See* Transcript [23].

around and grabbed the spray can and threw it. (Tr. 34-35.) He claims that before he grabbed the can from her, she hit him on the back several times with the can. (Tr. 37.) The events in Plaintiff's complaints allegedly occurred while he was incarcerated at the South Mississippi Correctional Institution ("SMCI").

Plaintiff claims the actions of the Defendant alleged above caused his back to bleed. Plaintiff testified that until the other inmates noticed blood on his back, he did not even know he was bleeding. (Tr. 39.) He claims he went to the infirmary and they "cleaned the bruises up" and gave him ibuprofen for pain. (Tr. 38-39.)

## ANALYSIS

Because Plaintiff is proceeding *in forma pauperis* in this action,[2] his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim). "A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Perry v. Tex. Dep't of Criminal Justice*, 275 Fed. Appx. 277, 278 (5th Cir. 2008) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Perry*, 275 Fed. Appx. at 278 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33

---

[2]*See* Order [5].

(1992)).  This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous."  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983.  However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers."  *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981).  Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

### **Excessive Force**

As set forth above, Plaintiff claims that Defendant Regina Reed employed "unnecessary roughness" with him during a search in the dining hall, and that this constituted excessive force. When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the *core judicial inquiry* is . . . whether force was applied *in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.*"  *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *See Copeland v. Nunan*, 250 F.3d 743, No. 00-20063, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson*, 503 U.S. at 1) (internal quotations and citations omitted).

Some of the relevant objective factors in the inquiry of the application of excessive force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39 (internal citations omitted).

Even assuming that Defendant's use of force was not applied in a good faith effort to restore discipline, based on the extent of the injury suffered the court concludes that it was a *de minimis* use of physical force. Plaintiff reported that his back was bruised and bleeding, but that he did not know it was bleeding until another inmate told him it was. Plaintiff claimed that he went to the infirmary, and that his injury was cleaned up and he was given ibuprofen. Plaintiff did not report receiving stitches for his wound, or any other treatment, and did not report any lasting injury. Accordingly, the Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. *See Copeland*, 2001 WL 274738, at *2; *Lee v. Wilson*, 237 Fed. Appx. 965, No. 06-50191, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of claims for excessive force and denial of adequate medical treatment because injury to plaintiff's lip was *de minimis*)*; Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's sore bruised ear was *de minimis* injury).

## CONCLUSION

For the reasons stated above, the court finds that Plaintiff's excessive force claim lacks an arguable basis in law and should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 26th day of February, 2009.

s/ Michael T. Parker
United States Magistrate Judge